UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMUEL RUSSELL ) <br>     Plaintiff ) <br> ) <br> v. ) <br> ) <br> ) <br> CREDITORS INTERCHANGE RECEIVABLE ) <br> MANAGEMENT, LLC ) <br>     Defendant ) <br> ) | CIVIL ACTION <br><br> COMPLAINT <br><br> JURY TRIAL <br> CLAIMED <br><br><br><br> JANUARY 4, 2012 |

## COMPLAINT

1. This is a suit brought by a consumer who has been harassed and abused by Defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* and includes a pendent claim brought under State law for violation of Connecticut's Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*

2. The plaintiff, Samuel Russell, is seventy-nine years of age and is a natural person who resides in Hartford, Connecticut.

3. The defendant, Creditors Interchange Receivable Management, LLC, ("Creditors Interchange"), is a Delaware Limited Liability Company with its headquarters in Wilmington, Delaware and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and Fed. R. Civ. P. 18(a).

5.  This Court has jurisdiction over Creditors Interchange because it engages in debt collection activities within Connecticut.

6.  Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

7.  In February 2011, a Creditors Interchange representative who identified herself as Jeanette called Plaintiff's home from phone number (800) 545-2705 and spoke with Plaintiff in an attempt to collect a debt that was claimed by a credit card company.

8.  In the aforementioned phone conversation, Plaintiff told Jeanette that he had retained an attorney in connection with the claimed debt and advised her to speak with the attorney.

9.  Notwithstanding her knowledge that Plaintiff was represented by an attorney in connection with the claimed debt, Jeanette continued to attempt to collect it by attempting to persuade Plaintiff to deal with her directly rather than through his attorney, which was his right under the FDCPA.

10.  Specifically, Jeanette told the Plaintiff that he would have to pay for a lawyer, that no lawyer would work for free, and asked Plaintiff why he was able to pay his mortgage but unable to pay the claimed debt.

11.  Jeanette then told Plaintiff that he had until eight o'clock that evening to inform Creditors Interchange that he would pay the debt or the account would be turned over to Creditors Interchange's attorneys, and that Plaintiff would be liable for court costs and attorney's fees.

12. During the course of this conversation, Plaintiff provided Jeanette with the name, address and telephone number of his attorney.

13. Prior to this phone call, Plaintiff had not received any other mail or telephone communications from Creditors Interchange.

14. Following this phone call, Plaintiff did not receive any written communications from Creditors Interchange.

15. Subsequently, in late February, Plaintiff received two additional phone calls from Creditors Interchange.

16. Creditors Interchange violated the FDCPA in the following respects:

   a. Creditors Interchange violated 15 U.S.C. 1692c(2) by contacting Plaintiff despite its knowledge that Plaintiff was represented by an attorney with respect to the debt and had knowledge of, or could readily ascertain, the name and address of Plaintiff's attorney.

   b. Creditors Interchange violated 15 U.S.C. 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the Debt, as described above.

   c. Creditors Interchange violated 15 U.S.C. 1692e by using false, deceptive, and/or misleading representations or means in connection with the collection of the Debt, as described above.

   d. Creditors Interchange violated 15 U.S.C. 1692g by failing to, within five days of the initial communication with Plaintiff, send Plaintiff a written notice stating the amount of the debt, the name of the creditor to whom the debt is owed, and notifying Plaintiff of his rights to dispute the debt.

17. By engaging in conduct as described above, Creditors Interchange also violated CUTPA, in that its actions were unlawful, unfair, immoral, unethical, oppressive and/or unscrupulous.

18. Further, the above-described conduct of Creditors Interchange is of a type that causes substantial injury to consumers, especially Plaintiff.

19. As a result of the actions of Creditors Interchange, Plaintiff suffered an ascertainable loss, including, but not limited to, deprivation of a full notice of his rights under the Fair Debt Collection Practices Act.

WHEREFORE, the Plaintiff prays for the following relief:

Actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k; monetary damages pursuant to Conn. Gen. Stat. §42-110g; punitive damages pursuant to Conn. Gen. Stat. § 42-110g; attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g.

**PLAINTIFF, SAMUEL RUSSELL**

By: /s/Daniel S. Blinn
    Daniel S. Blinn, ct02188
    dblinn@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408; Fax. (860) 571-7457